# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVAN BLANCO,<br><br>                        Petitioner,<br><br>v.<br><br>UNKNOWN, Warden,<br><br>                        Respondent. | Case No.: 18cv1909 CAB (AGS)<br><br>**ORDER: (1) DENYING MOTION TO PROCEED IN FORMA PAUPERIS; and (2) DISMISSING CASE WITHOUT PREJUDICE AND WITH LEAVE TO AMEND** |

     Petitioner, a state prisoner proceeding pro se, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. He has also filed a request to proceed in forma pauperis.

## **MOTION TO PROCEED IN FORMA PAUPERIS**

     The trust account statement Petitioner has provided reflects a $27.00 balance in his prison trust account. The filing fee associated with this type of action is $5.00. *See* 28 U.S.C. § 1914(a). It appears Petitioner can pay the requisite filing fee. Accordingly, the Court **DENIES** the request to proceed in forma pauperis.

## **FAILURE TO NAME A PROPER RESPINDENT**

     Review of the Petition reveals that Petitioner has failed to name a proper respondent. On federal habeas, a state prisoner must name the state officer having custody of him as the respondent. *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir.

1996) (citing Rule 2(a), 28 U.S.C. foll. § 2254). Federal courts lack personal jurisdiction when a habeas petition fails to name a proper respondent. *See id.*

The warden is the typical respondent. However, "the rules following section 2254 do not specify the warden." *Id.* "[T]he 'state officer having custody' may be 'either the warden of the institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal institutions.'" *Id.* (quoting Rule 2(a), 28 U.S.C. foll. § 2254 advisory committee's note). If "a petitioner is in custody due to the state action he is challenging, '[t]he named respondent shall be the state officer who has official custody of the petitioner (for example, the warden of the prison).'" *Id.* (quoting Rule 2, 28 U.S.C. foll. § 2254 advisory committee's note).

A long standing rule in the Ninth Circuit holds "that a petitioner may not seek [a writ of] habeas corpus against the State under . . . [whose] authority . . . the petitioner is in custody. The actual person who is [the] custodian [of the petitioner] must be the respondent." *Ashley v. Washington*, 394 F.2d 125, 126 (9th Cir. 1968). This requirement exists because a writ of habeas corpus acts upon the custodian of the state prisoner, the person who will produce "the body" if directed to do so by the Court. "Both the warden of a California prison and the Director of Corrections for California have the power to produce the prisoner." *Ortiz-Sandoval*, 81 F.3d at 895.

Petitioner has not named a respondent. In order for this Court to entertain the Petition filed in this action, Petitioner must name the warden in charge of the state correctional facility in which Petitioner is presently confined or the Director of the California Department of Corrections. *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam).

## **CONCLUSION**

For the foregoing reasons, the Court **DENIES** Petitioner's motion to proceed in forma pauperis and **DISMISSES** the Petition without prejudice and with leave to amend due to Petitioner's failure to name a proper respondent. To have this case reopened, Petitioner must, no later than October 26, 2018: (1) pay the $5.00 filing fee or submit

adequate proof of his inability to pay the fee; and (2) file a First Amended Petition that cures the pleading deficiencies outlined in this Order.  ***The Clerk of Court is directed to mail Petitioner a blank motion to proceed in forma pauperis form and a blank First Amended Petition form together with a copy of this Order.***

**IT IS SO ORDERED.**

Dated:  August 20, 2018

_____
Hon. Cathy Ann Bencivengo
United States District Judge