UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ivan BLANCO,<br><br>                      Petitioner,<br><br>v.<br><br>Jim ROBERTSON, Warden,<br><br>                      Respondent. | Case No.: 18-cv-1909-CAB-AGS<br><br>**REPORT AND RECOMMENDATION TO DENY RESPONDENT'S MOTION TO DISMISS (ECF No. 12)** |

In two separate incidents, a state prisoner was charged with hiding alcohol in his cell. The first time, he was convicted; the second, acquitted. Now on federal habeas review, the Warden mistakenly assumes that all the alcohol-infraction proceedings below arose from a single event. Since it all ended in acquittal, the Warden argues, the inmate has no reason to complain, and his habeas petition should be dismissed. But the Warden has erroneously conflated two separate disciplinary matters. The prisoner may seek habeas relief for the conviction. The Warden's motion to dismiss should, therefore, be denied.

## **BACKGROUND**

**A.  First Alcohol Charge (April 19, 2016; Log # 16771)**

On April 19, 2016, at 7:30 a.m., Corrections Officer F. Soria searched petitioner Ivan Blanco's cell and found "approximately 5 gallons of inmate manufactured alcohol" stuffed inside a mattress. (ECF No. 4, at 15.) In disciplinary proceeding "Log Number 16771," Blanco was accused of violating a prison rule barring alcohol possession. *See* 15 Cal. Code

Regs. tit. 15, § 3016; (ECF No. 4, at 15, 21). Blanco blamed the alcohol on his cellmate Sanchez and maintained that he knew nothing about it. (ECF No. 4, at 25.) At the disciplinary hearing, Blanco and the hearing officer stipulated, "If present[,] SANCHEZ would state the alcohol was his (SANCHEZ) and Blanco did not know anything about it." (*Id.*) Still, Blanco was found guilty and lost 91 days of good-time credit. (*Id.* at 28-29, 31.) According to the disciplinary hearing record, this was Blanco's "1st offense of this nature." (*Id.* at 27; *see also id*. at 34.)

Throughout two levels of administrative appeals, Blanco argued that the evidence was insufficient because his cellmate claimed responsibility and no other evidence linked Blanco to the alcohol. (*See* ECF No. 4, at 33-37.) He lost at both levels, partly because the alcohol's "strong odor" undermined his claim of ignorance. (*Id.* at 34, 37.)

**B.     Second Alcohol Charge (May 19, 2016; Log # 28579)**

One month after the first search, Blanco was implicated in a nearly identical incident. On May 19, 2016, at 3:00 p.m., a different prison guard, Corrections Officer F. Beltran, searched Blanco's cell, noticed "a strong pungent smell of alcohol," and found "approximately 5 gallons of fermented crushed fruit." (ECF No. 4, at 42.) In disciplinary proceeding "Log Number 28579," Blanco was again convicted of alcohol possession. (*Id.* at 42.) The disciplinary hearing report notes that this was a "2nd Occurrence" of this violation. (*Id.* at 46.)

Blanco appealed this second conviction on slightly different grounds. He argued that his due-process rights were infringed because he was barred from calling two witnesses. (*See* ECF No. 13-1, at 2.) This time, he won his appeal. At the final level of administrative review, the reviewer agreed that Blanco had been "inappropriately denied witnesses during the hearing" and thus ordered that "Log #28579 [be] reissued and reheard." (*Id.* at 5.) At the May 16, 2017 rehearing, Blanco was found "'Not Guilty' in the interest of Justice." (ECF No. 13-2, at 2; *see also* ECF No. 4, at 41.)

## C. State Habeas Proceedings

Blanco filed a series of state habeas petitions to overturn the conviction in his first alcohol-possession case, Log Number 16771.[1] The state trial court denied the first petition, ruling that there was sufficient evidence that he constructively possessed the alcohol. (*See* ECF No. 4, at 55.) When Blanco filed an amended petition, however, the trial court adopted a new (and incorrect) rationale. It denied the amended petition as moot, purportedly because Blanco was "found not guilty" and thus had achieved his "stated goal." (*Id*. at 56.) But the court made the same mistake that the Warden makes here: merging the procedural histories of Blanco's first and second alcohol cases, as though they all pertain to the same incident. (*Compare* ECF No. 4, at 56 (state judge relying on the May 16, 2017 "not guilty" finding) *with* ECF No. 13-2, at 2 (May 16, 2017 "not guilty" finding was in Log Number 28579).)

Blanco next sought habeas review in the California Court of Appeal. (ECF No. 4, at 58.) Unlike the lower court, the state appellate court found that Blanco was convicted, but that his petition "lack[ed] merit," as there was enough evidence of constructive alcohol possession "to support the discipline imposed." (*Id*. at 59.) The California Supreme Court then summarily denied Blanco's petition for review, without analysis. (*Id*. at 61.)

## D. Federal Habeas Proceedings

Finally, Blanco sought federal habeas review of his first alcohol-possession case. (*See* ECF No. 1, at 6; ECF No. 4, at 6.) The Warden moves this Court to summarily dismiss the petition as "false and frivolous," because Blanco was already adjudged "not guilty" and thus "no discipline was imposed." (ECF No. 12, at 3-4.) Despite an opportunity to do so, Blanco never responded to the motion to dismiss. (*See* ECF No. 14.)

---

[1] One reason for the confusion about Blanco's two disciplinary cases is their overlapping procedural histories. On February 6, 2017, Blanco filed his first state habeas petition regarding Log Number 16771. (ECF No. 4, at 58; *compare id*. at 36-37 (detailing exhaustion of administrative remedies).) At the same time, the other case—Log Number 28579—was still in the midst of administrative review. (ECF No. 13-1, at 2.)

# DISCUSSION

The Warden's motion to dismiss rests on the faulty premise that Blanco never suffered any disciplinary penalty. The record shows otherwise. Blanco was charged with two separate alcohol infractions a month apart. The cases have different offense dates, times, Log Numbers, investigating officers, and outcomes. While he was acquitted in Log Number 28579, he only seeks habeas review of his conviction in Log Number 16771. That conviction is suitable for review since it cost Blanco 91 days of good-time credit.

To avoid this inescapable conclusion, the Warden's only possible argument is that the federal courts are bound by a contrary state-court factual determination. That is, a state trial court found that Blanco was acquitted (because it mistakenly conflated the procedural histories from Log Numbers 16771 and 28579). "[A] determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

The record seems to offer clear and convincing evidence that the state trial court was wrong and that Blanco was in fact convicted in the relevant disciplinary proceeding. But this Court need not reach that question, as the California appellate courts themselves rejected the trial court's factual analysis. "[I]f more than one state court has rendered a reasoned decision on a habeas petition, . . . a determination by a higher-level court overrules a determination on the same issue by a lower-level court." *Curiel v. Miller*, 890 F.3d 864, 870 (9th Cir. 2016) (en banc) (citations omitted). Unlike the trial court, the California Court of Appeal correctly noted the guilty finding, the "forfeiture of 91 days of credits," and that "discipline [was] imposed." (*See* ECF No. 4, at 58-59.) This factual recitation was implicitly endorsed by the California Supreme Court when it issued a summary habeas denial, without explanation. When a state supreme court "does not disclose the reason for the judgment," the federal reviewing court must "'look through' the mute decision and presume the higher court agreed with and adopted the reasons given" in the "last 'reasoned' state court decision." *Curiel*, 830 F.3d at 869-70 (citations omitted).

"In doing so, the federal court should review the last decision in isolation and not in combination with decisions by other state courts." *Id*. (citation and quotation marks omitted).

Thus, the California state courts have already conclusively established that Blanco suffered disciplinary sanctions. Any arguments to the contrary are baseless. The Warden has not shown that Blanco's petition is frivolous.

## **CONCLUSION**

Although Blanco never responded to the motion to dismiss, this Court recommends that the motion be **DENIED** and that the Warden be required to answer the petition. Within 14 days of service of this report, the parties must file any objections to it. *See* 28 U.S.C. § 636(b)(1). The party receiving such an objection has 14 days to file any response. Fed. R. Civ. P. 72(b)(2).

Dated: May 31, 2019

Hon. Andrew G. Schopler
United States Magistrate Judge