UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ivan BLANCO<br><br>        Petitioner,<br><br>v.<br><br>Jim ROBERTSON, Warden,<br><br>        Respondent. | Case No.: 18-cv-1909-CAB-AGS<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION [Doc. No. 15] AND DENYING RESPONDENT'S MOTION TO DISMISS [Doc. No. 12]** |

  Ivan Blanco ("Blanco") is a state prisoner proceeding *pro se* with a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. §2254. [Doc. No. 1.] Respondent ("Warden") filed a motion to summarily dismiss the claim. [Doc. No. 12.] Petitioner did not file a response.

  This matter was referred to United States Magistrate Judge Andrew G. Schopler pursuant to 28 U.S.C. §636(b)(1)(B). On May 31, 2019, Magistrate Judge Schopler issued a Report and Recommendation ("Report") recommending the Court deny the Warden's motion to dismiss the claim. [Doc. No. 15.] No objections have been filed to this date.[1]

---

[1] Objections were due June 14, 2019. [*See* Doc. No. 15 at 5.]

1

18-cv-1909-CAB-AGS

# REVIEW OF REPORT

A district court's duties concerning a magistrate judge's report and recommendation are set forth in Rule 72(b) of the Federal rules of Civil Procedure and 28 U.S.C. §636(b)(1). When no objections are filed, the district court is not required to review *de novo* the magistrate judge's report and recommendation. The Court reviews *de novo* those portions of the Report and Recommendation to which objections are made. 28 U.S.C. §636(b)(1). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* However, "[t]he statute makes it clear that the district judge must review the magistrate judge's findings and recommendations *de novo* if objection is made, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original). "Neither the Constitution nor the statute requires a district judge to review, *de novo*, findings and recommendations that the parties themselves accept as correct." *Id.*

Neither party has filed timely objections to the Report. Upon review, the Court finds the Report to be thorough, complete and an accurate analysis of the legal issues presented in the petition. For the reasons explained below, the Court: (1) adopts the Report in full; and (2) denies respondent's motion to dismiss the claim.

# BACKGROUND

## I. Factual Background

### A. Alcohol Possession Charge (Log #16771)

On April 19, 2016, at 7:30 a.m., Corrections Officer F. Soria searched petitioner Ivan Blanco's cell and found "approximately 5 gallons of inmate manufactured alcohol" stuffed inside a mattress. [Doc. No. 4 at 15.] In disciplinary proceeding "Log Number 16771," Blanco was accused of violating a prison rule barring alcohol possession. *See* 15 Cal. Code Regs. tit. 15, §3016; [Doc. No. 4 at 15, 21.] Blanco blamed the alcohol on his cellmate Sanchez, and maintained he knew nothing about it. Blanco was found guilty and lost 91 days of good-time credit. [*Id.* At 28-29, 31.]

Blanco appealed and lost at two levels of administrative appeal, arguing that evidence was insufficient because his cellmate claimed responsibility and no other evidence linked Blanco to the alcohol. [Doc. No. 4 at 33-37.] Blanco subsequently filed a series of state habeas petitions to overturn the conviction in the first alcohol-possession case. Ultimately, Blanco's petition for review was summarily denied by the California Supreme Court. [Doc. No. 4 at 58.] Blanco then filed this present Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. §2254.

**B. Second Alcohol Possession Charge (#28579)**

On May 19, 2016, Blanco was implicated in a second, separate charge. The incident was nearly identical to the first possession charge. Blanco was again convicted of alcohol possession. [Doc. No. 4 at 42.] Upon administrative appeal, Blanco was separately found "Not Guilty."

## II. State Procedural Background

The Report contains a complete and accurate recital of the facts as determined by disciplinary proceedings, and the Court fully adopts the Report's statement of state procedural background.

## III. Federal Procedural Background

On August 15, 2018, Blanco filed a petition seeking federal habeas review of the Alcohol Possession charge on which he was found guilty. The Warden moves to summarily dismiss the claim as "false and frivolous" because Blanco was already adjudged "not guilty" and thus "no discipline was imposed." [Doc. No. 12 at 3-4.]

This matter was referred to United States Magistrate Judge Andrew G. Schopler pursuant to 28 U.S.C. §636(b)(1)(B). On May 31, 2019, Magistrate Judge Schopler issued a Report and Recommendation ("Report") recommending the Court deny the Warden's motion to dismiss the claim. [Doc. No. 15.] No objections have been filed to date.

/ / / / /

/ / / / /

# DISCUSSION

## I. Legal Standard

A district court may enter an order for the summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rules Governing Section 2254 Cases, Rule 4, 28 U.S.C. foll. §2254. As such, summary dismissal is appropriate where the allegations in the petition are "vague [or] conclusory," "palpably incredible" or "patently frivolous or false." *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (quoting *Blackledge v. Allison*, 431 U.S. 63, 75-76 (1977); *see also Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993) ("Rule 4 enables the district court to dismiss a petition summarily, without reviewing the record at all, if it determines that a petition and any attached exhibits either fail to state a claim or are factually frivolous.") A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*; 745 F.2d 1221, 1227-28 (9th Cir. 1984).

## II. Analysis of Warden's Motion to Dismiss

In filing a motion to summarily dismiss Blanco's claim, the Warden erroneously conflates the first charge [Log #16771] on which Blanco was convicted, with the second charge on which Blanco was not convicted. [Log #28579.]

Warden argues Blanco's claim is "false and frivolous." Because Warden references the wrong charge, the Warden alleges that (1) Blanco was not convicted and (2) thus did not suffer any penalty. Blanco is indeed convicted of the charge at issue in his petition, documented in Log #16771. The conviction reduced 91 days of good-time credit on Blanco's record; thus a penalty was rendered under the charge.

# CONCLUSION

In sum, Warden has not established that Blanco's Petition for Writ of Habeas Corpus was frivolous. Accordingly, the Court **HEREBY ADOPTS** Magistrate

/ / / / /

4

Judge Schopler's Report and Recommendation [Doc. No. 15] and **DENIES** the Motion to Dismiss.

     **IT IS SO ORDERED**.

Dated: June 20, 2019

_____
Hon. Cathy Ann Bencivengo
United States District Judge